## STANDING ORDERS

1.  **Conformity to Rules**.  Counsel are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superceded by these Standing Orders.  Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.  **Scheduling days**. Counsel need not reserve a hearing date for motions, but noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court.  Motions shall be noticed in accordance with the following times:
    a.  Civil Law and Motion calendar is conducted on Fridays at 9:00 a.m.
    b.  Criminal Law and Motion calendar is conducted on Fridays at 1:30 p.m.
    c.  Case Management Conferences are conducted on Fridays at 3:00 p.m.
    d.  Pretrial conferences are conducted on Mondays at 2:00 p.m.
    e.  By 2:00 p.m. on the first court date preceding any hearing, parties participating in the e-filing program shall check this Court's list of tentative rulings at the Judges Information link at www.cand.uscourts.gov to ascertain whether there has been a tentative ruling issued in their matter (or a ruling with respect to requests for specific issues to be addressed during oral argument).  Parties intending to waive oral argument in light of the tentative ruling must notify the Court and opposing counsel by 4:00 p.m. the day preceding the hearing.  In cases in which the parties agree to waive oral argument, the tentative ruling shall become the ruling of the Court by subsequent written order.
    f.  Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov or the posting in the Clerk's Office to confirm that their matter is still on calendar.

3.  **Changes to Court Calendar**.  No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause.  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an *ex parte* application in writing.  Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

    Briefing schedules may not be changed by stipulation; the parties must obtain leave of court.  Any change in the hearing date does not alter the original briefing schedule unless otherwise ordered by the Court.

4.  **Chambers Copy.**  A three-hole punched copy of all documents filed with the Clerk's Office shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "JSW Chambers Copy" no later than 12:00 noon on the day after the

document is filed electronically.  Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

5.   ***Ex Parte* Applications and Expedited Hearings**.  All *ex parte* applications and expedited motions are considered on the papers and will not be set for hearing, unless specifically set by the Court.  Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief and that sanctions may be imposed for misuse of *ex parte* applications.

6.   **Case Management Conference Statements**.  Joint case management statements are required and must be filed five court days in advance of the case management conference date.  Counsel should conform to the elements requested in the initial case management scheduling order.

7.   **Motions**.  Briefs or Memoranda of Points and Authorities in support of, or in opposition to, any motion, with the exception of summary judgment motions, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, affidavits, and summaries of argument, if required.  Briefs exceeding ten pages in length must contain an additional one-page summary of argument, including reference to any important cases cited.  Any briefs due on Friday must be filed with the Clerk's Office by 12:00 noon, unless other arrangements have been made with the Court.

8.   **Discovery and Discovery Motions**.  Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through this Court's secretary, Sheila Griffin, at (415) 522-4160.  Any such conference shall be attended by the court reporter recording the deposition.

All other requests for discovery relief must be summarized jointly by the parties in a letter brief no longer than four pages.  The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues which counsel were unable to resolve.  The letter brief may cite to limited and specific legal authority only for resolution of dispositive issues.  The letter brief may not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim in the brief.  The Court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

This provision applies only to cases in which discovery is supervised by this Court rather than the magistrate judge.  The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

9.   **Motions for Summary Judgment**.  All issues shall be contained within one motion, may

not exceed twenty-five pages in length, and shall conform with Civil Local Rule 7-2. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon.

10.   **Proposed Orders Required**.  Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.  The proposed order should be submitted with the Chambers Copy documents.

11.   **Communication with Court**.  Counsel shall not attempt to make contact by telephone or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173 with appropriate inquiries. Counsel should list their facsimile transmission numbers as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.  All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

12.   **Grounds for Recusal**.  Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date, and no later than the initial case management conference.

13.   **Service of Standing Orders**.  Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of these standing orders at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).